## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 10 2016, 8:49 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael P. DeArmitt
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael S. Burton,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

June 10, 2016

Court of Appeals Case No.
03A01-1510-CR-1802

Appeal from the Bartholomew
Superior Court

The Honorable James D. Worton,
Judge

Trial Court Cause Nos.
03D01-1408-F6-3396
03D01-1412-CM-5660
03D01-1501-F6-22

**Pyle, Judge.**

# Statement of the Case

Michael Burton ("Burton") appeals the sentence imposed in three separate causes following his convictions for Level 6 felony strangulation,[1] Class A misdemeanor operating a vehicle while intoxicated endangering a person,[2] and Class A misdemeanor operating a vehicle with an ACE of .15 or more[3]. He specifically contends that the two and one-half-year sentence imposed for his Level 6 felony strangulation conviction is inappropriate in light of the nature of the offenses and his character. Because we conclude that Burton's sentence was not inappropriate, we affirm.

Affirmed.

# Facts

In July 2014, after consuming alcohol and failing to take his mood stabilizing medication, forty-three-year-old Burton and his girlfriend began arguing. Burton subsequently squeezed his girlfriend's neck or throat hard enough to impede her breathing and blood circulation. Two months later, in September 2014, Burton became intoxicated, operated a vehicle, and was involved in an accident. Two months after that, Burton took his ex-girlfriend's fifteen-year-old

---

[1] IND. CODE § 35-42-2-9.

[2] IND. CODE § 9-30-5-2.

[3] I.C. § 9-30-5-1.

daughter for a ride on a moped when his alcohol level measured greater than .15 grams of alcohol per 210 liters of breath.

[4] In August 2015, Burton pled guilty to Level 6 felony strangulation, Class A misdemeanor operating a vehicle while intoxicated, and Class A misdemeanor operating a vehicle with an ACE of .15 or more in three separate causes. At his September 2015 sentencing hearing, Burton testified that he had a twenty-five-year history of drinking alcohol, and that in the past he had typically drunk a fifth of vodka or more every day. Burton also testified that he suffered from bi-polar and mood disorders as well as depression and that he had not been taking his medication when he committed these offenses. He asked the trial court to place him on probation so that he could seek drug and alcohol treatment.

[5] The State, however, pointed out that Burton had a long history of criminal behavior. Specifically, Burton had seven misdemeanor convictions, which included convictions for operating while intoxicated and public intoxication and four felony convictions, which included convictions for domestic battery and nonsupport of a dependent child. He had also violated probation in the past.

[6] At the end of the hearing, the trial court found the following aggravating factors: (1) Burton had an extensive criminal history, which the trial court considered to be a significant aggravator; (2) Burton had been on probation numerous times in the past and had multiple petitions to revoke probation filed against him; (3) Burton's past opportunity for treatment had been unsuccessful.

The trial court further found that Burton's mental health diagnosis was a slight mitigating factor.

[7] Based on these aggravators and mitigators, the trial court sentenced Burton as follows: (1) two and one-half (2½) years for strangulation; (2) one (1) year for operating a vehicle while intoxicated endangering a person; and (3) one (1) year for operating a motor vehicle with an ACE of .15 or more. The trial court further ordered the sentences to run consecutively to each other for an aggregate sentence of four and one-half (4½) years. Burton appeals his sentence.

## Decision

[8] Burton argues that his two and one-half year sentence for his Level 6 felony strangulation conviction is inappropriate. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The defendant bears the burden of persuading this Court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as inappropriate turns on the "culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

[9] When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081.

Here, Burton pled guilty to Level 6 felony strangulation. The sentencing range for a Level 6 felony is between six months and two and one-half years, with an advisory sentence of one year. I.C. § 35-50-2-7. Burton is correct that the trial court sentenced him to the maximum sentence for the Level 6 felony. He asks us to reduce this two and one-half-year sentence to the advisory sentence of one year.

[10] With regard to the nature of the offense, we note that the record on appeal reveals only that Burton squeezed his girlfriend's neck or throat hard enough to impede her normal breathing or blood circulation. He argues that the "record regarding the nature of [his] offense establishes little, if anything, about and beyond the statutory definition of the offense." (Appellant's Br. 6). We acknowledge that the facts as set forth in the factual basis were minimal and that the nature of the offense alone might not have supported the sentence imposed.

[11] It is Burton's character, however, that is significantly aggravating. Specifically, Burton has seven prior misdemeanor convictions, including convictions for operating while intoxicated and public intoxication. He also has four prior felony convictions, and multiple petitions to revoke probation have been filed against him. His former contacts with the law have not caused him to reform himself. *See Jenkins v. State*, 909 N.E.2d 1080, 1086 (Ind. Ct. App. 2009), *trans. denied*. Burton has failed to persuade this Court that his two and one-half-year sentence for Level 6 felony strangulation is inappropriate.

[12]    Affirmed.

Kirsch, J., concurs.

Riley, J., dissents with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael S. Burton,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | Court of Appeals Case No.<br>03A01-1510-CR-1802 |

**Riley, Judge.**

I respectfully dissent from the majority's decision to affirm Burton's aggregate sentence of four and one-half years. Although the trial court considered Burton's mental health diagnosis to be a "slight mitigator," it nevertheless imposed the maximum sentence on each of Burton's three charges. (Transcript p. 53). Specifically, the court imposed two and one-half years for the strangulation charge, one year for the operating a vehicle while intoxicated endangering a person charge and one year for the operating a vehicle with an ACE of .15 or more charge, with all sentences to run consecutive. While this sentence falls within the statutory range, I conclude the sentence to be inappropriate, especially after the finding of a mitigating factor. Due to

Burton's mental health, I would reduce Burton's sentence on his strangulation charge to the advisory sentence of one year, to run consecutive to the maximum sentences of his two other charges, for a total sentence of three years.